## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| BETTY JEAN TAYLOR, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.   CIV-22-188-SLP |
| ) | (Removed from Oklahoma County, |
| ACADEMY, LTD. d/b/a ) | OK Case No. CJ-2022-757) |
| ACADEMY SPORTS + OUTDOORS, ) | |
| ) | |
| Defendant. ) | |

### NOTICE OF REMOVAL

Pursuant to 28 U.S.C. § 1446, Academy, Ltd. d/b/a Academy Sports + Outdoors ("Academy") files this Notice of Removal and in support hereof states as follows:

### I. Removal is Timely

**1.** On February 16, 2022, Plaintiff Betty Jean Taylor ("Plaintiff") filed a Petition in state court, by and through her attorneys, in an action styled "*Betty Jean Taylor v. Academy, Ltd. d/b/a Academy Sports + Outdoors*," Case No. CJ-2022-757, which is pending in the District Court of Oklahoma County, State of Oklahoma.  See Exhibit 1, Plaintiff's Petition.

**2.** Academy was served with the Summons and Petition, by and through its registered agent The Corporation Company, on February 22, 2022.  See Exhibit 2, The Corporation Company's Service of Process Transmittal (showing service of Summons and Petition by way of certified mail on 2/22/2022).

**3.** Academy files this Notice of Removal within thirty (30) days after the receipt by Academy of a copy of the initial pleading, pursuant to 28 U.S.C. § 1446(b)(1).  Accordingly, this Notice of Removal is timely.

## II. Diversity of Citizenship

4. Because of the complete diversity of citizenship in this case, removal is proper under 28 U.S.C. § 1332(a)(1).

5. Plaintiff Betty Jean Taylor is a citizen of the State of Oklahoma. See Exhibit 3, email dated March 2, 2022 from Plaintiff's counsel regarding her citizenship.

6. For purposes of removal based on diversity jurisdiction, a limited partnership like Academy shares the citizenship of that of its members. *Crynberg v. Kinder Morgan Energy Partners, L.P.*, 805 F.3d 901, 905-06 (10th Cir. 2015) (citing, *inter alia*, *Carden v. Arkoma Assocs.*, 494 U.S. 185, 195-96 (1990) and *Chapman v. Barney*, 129 U.S. 677 (1889)). The general partner of Academy is Academy Managing Co., LLC, whereas the limited partner of Academy is Associated Investors, LLC. The membership interests of Associated Investors, LLC and Academy Managing Co., LLC are owned 100% by New Academy Holding Company, LLC. The sole member of New Academy Holding Company, LLC is Academy Sports and Outdoors, Inc. For purposes of removal predicated on diversity jurisdiction, a corporation like Academy Sports and Outdoors, Inc. "shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1); *accord Mikelson v. Conrad*, 839 F.App'x 275, 277 (10th Cir. 2021). The Supreme Court and the Tenth Circuit have expounded that "principal place of business," as that term is used in the diversity-jurisdiction statute, "is best read as referring to the place where a corporation's officers direct, control, and coordinate the corporation's activities," i.e., the corporation's "nerve center." *Hertz Corp v. Friend*, 559 U.S. 77, 92-93 (2010); *accord Newsome v. Gallacher*, 722 F.3d 1257, 1267 (10th Cir. 2013). Academy Sports and Outdoors, Inc. is a Delaware corporation with its principal place of business, or "nerve center," in Texas.

Consequently, for diversity-jurisdiction purposes, Academy is a citizen of both Delaware and Texas.

7. Because Plaintiff is a citizen of Oklahoma and Academy is not a citizen of Oklahoma, the Parties are completely diverse within the meaning of 28 U.S.C. § 1332.

### III.   Venue is Proper

8. Venue is proper in the United States District Court for the Western District of Oklahoma under 28 U.S.C. §§ 116(b) and 1446(a) in that this district encompasses Oklahoma County, Oklahoma and is "the district and division embracing the place where such action is pending."

### IV.   Amount in Controversy

9. Plaintiff's suit arises out of a fall at a store in Oklahoma City, Oklahoma. Exhibit 1, at ¶ 1. According to Plaintiff's Petition, Plaintiff seeks damages "in excess of $75,000.00, costs of the court, and any other relief this Court deems just and proper" See Exhibit 1 at final paragraph. Academy denies that Plaintiff is entitled to damages in whole or in part as prayed for, and, in fact, specifically denies that it is liable for any damages of any kind as claimed by Plaintiff. For purposes of the Amount in Controversy standard, however, Plaintiff has plead facts that may plausibly support recovery of damages in excess of $75,000. Therefore, the amount in controversy exceeds the statutory threshold required to invoke this Court's jurisdiction. 28 U.S.C. § 1332(a).

### V.   The Removal is Procedurally Correct

10. Removal of this case to this Court is proper under 28 U.S.C. § 1441 because this is a civil action of which District Courts of the United States have original jurisdiction.

11. In accordance with 28 U.S.C. § 1446(b) and LCvR 81.2, Academy files herewith the following: **(i)** the initial pleading setting forth the claim for relief upon which such action or

proceeding is based (Exhibit 1), **(ii)** the state court docketing sheet at the time of this removal, See Exhibit 4, Docket Sheet, **(iii)** Entries of Appearance of Joshua Mareschal and Rhiannon Baker, See Exhibits 5 and 6, and **(iv)** Academy's Answer, Exhibit 7.

12. No motions were pending in state court at the time of removal.

13. Plaintiff did not demand a jury trial in her Petition.

14. Pursuant to 28 U.S.C. § 1446(d), written notice of the filing will be given to Plaintiff by and through her attorneys of record.

15. Pursuant to 28 U.S.C. § 1446(d), promptly after Academy files this Notice of Removal, a true and correct copy of the same will be filed with the Court Clerk of the Oklahoma County District Court, the state court from which this action was removed.

**WHEREFORE**, because this notice is timely, the amount in controversy exceeds $75,000.00, diversity of citizenship exists as to Plaintiff and Academy, and because this Court has jurisdiction over this action, Academy respectfully requests that this action now pending in the District Court of Oklahoma County, Oklahoma be removed to the United States District Court for the Western District of Oklahoma, as an action properly removable thereto, and seeks general relief.

**McANANY, VAN CLEAVE & PHILLIPS, P.A.**

By: /s/ *Rhiannon K. Baker*
Rhiannon K. Baker, #22748
2021 South Lewis, Suite 225
Tulsa, Oklahoma  74104
(918) 771-4465
(918) 747-7726
rbaker@mvplaw.com
*Attorney for Defendant, Academy LTD, dba Academy Sports + Outdoors*

## CERTIFICATE OF SERVICE

The undersigned hereby certified that on this 7th day of March, 2022, a true and correct copy of the above and foregoing Notice of Removal will be served upon the filing of a Notice of Filing Notice of Removal in the State Court Action as required to Plaintiffs' attorney:

Matthew Reinstein
Mike Moore
Jason Bolitho
Lawter & Associates
3313 North Classen Boulevard
Oklahoma City, Oklahoma   73118
jbolitho@lawterlaw.com
*Attorneys for Plaintiff*

                ___/s/ *Rhiannon K. Baker*_____